# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| KEITH D. CORNIA and LISA H. CORNIA,<br>      Plaintiffs,<br>vs.<br>COUNTRYWIDE HOME LOANS, INC., et al.,<br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13CV270 DAK |

  This matter is before the court on Defendant Countrywide Home Loans, Incorporated's ("Countrywide") Motion to Dismiss and on its Motion to Strike Plaintiffs' Application for Entry of Default and Application for Entry of Default Judgment. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). Now being fully advised, the court renders the following Memorandum Decision and Order.

  Plaintiffs' Complaint seeks to quiet title in the property in Plaintiffs' names. As the basis for this relief, Plaintiffs appear to claim that Defendant (1) engaged in predatory lending, mail fraud, and wire fraud, (2) violated the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influence and Corrupt Organizations Act ("RICO"), Homeowners Affordable Modification Program ("HAMP"), Equal Credit Opportunity Act ("ECOA"), the Utah Fraudulent Transfer Act and other statutes, regulations and unspecified consent orders, (3) fraudulently "robosigned," the deeds of trust, and

(4) securitized the loan. In the instant motion, Defendant has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and also pursuant to FRCP 8(a) and 9(b)(2) to dismiss all Plaintiffs' claims.

Under FRCP 12(b)(6), a defendant is entitled to dismissal where the plaintiff's complaint, standing alone, is legally insufficient to state a claim on which relief may be granted. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). When considering a motion to dismiss for failure to state a claim, the court presumes as true all well-pleaded facts in the Complaint, but need not consider conclusory allegations. *See Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997). The court is not bound to accept the Complaint's legal conclusions and opinions, whether or not they are couched as facts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). "In evaluating a Rule 12(b)(6) motion to dismiss, a courts may consider not only the Complaint itself, but also attached exhibits, and documents incorporated into the Complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

FRCP 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Also, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . .'" does not satisfy Rule 8. *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555).

Moreover, FRCP 9(b) requires particularity in pleading the "circumstances constituting fraud." Fed. R. Civ. P. 9(b). It requires that the complaint allege the "who, what, when, where and how of the alleged fraud," and then go on to detail "the time, place, content, and consequences of the fraudulent conduct" *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010), citing *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726 (10th Cir. 2006) and *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

In this case, Plaintiffs' Complaint appears to be based primarily on the erroneous argument that the alleged securitization of their loans and the involvement of MERS renders the notes and deeds of trust void, a claim that has been uniformly rejected by the Utah Court of Appeals and the Tenth Circuit Court of Appeals.[1] Similarly, although Plaintiffs do not explain what they mean by the term "robo-signing," the court cannot decipher any cognizable legal claim based on "robosigning." Accordingly, Plaintiffs' claims based on "robosigning," "securitization," or an assignment to MERS fail as a matter of law and are dismissed with prejudice.

---

[1] *See Commonwealth Property Advocates, LLC v. Mortg. Elec. Registration Sys, Inc.*, 263 P.3d 397, 401-403 (Utah Ct. App. July 14, 2011); *Scarborough v. LaSalle Bank Nat'l Ass'n.*, 460 Fed. Appx. 743, 751 (10th Cir. 2012); *Brassey v. Wash. Mut. Bank*, No. 2:10-CV-1108-TC, 2011 1457238, at *1 (D. Utah April 14, 2011); Commonwealth Prop. Advocates v. CitiMortgage, Inc., No. 2:10-CV-00885-CW, 2011 WL 98491, at *2 (D. Utah Jan. 12, 2011

The remainder of the Complaint contains mere conclusory allegations. Plaintiffs may not merely cite to a statute without alleging any facts to demonstrate the elements of the claim. It appears that Plaintiffs' belief that they were somehow defrauded by Defendant. Plaintiffs, however, have failed to adequately state a claim and have fallen far short of the requirement set forth in FRCP 9(b) to plead fraud with particularity. Therefore, the remaining claims are dismissed without prejudice.

In short, the Complaint fails to meet the standards of FRCP 8, 9 and 12 and must be dismissed. Any claim based on securitization, assignment to MERs, or "robo-signing," is dismissed with prejudice. If Plaintiffs have some other basis for a cause of action or if they can plead a fraud claim with the required particularity, they may file an Amended Complaint by no later than November 8, 2013. An Amended Complaint, however, shall not contain any allegations about securitization, assignment to MERs, or "robo-signing." If the Amended Complaint contains such allegations, the Amended Complaint will be dismissed with prejudice for failure to follow an order of the court.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Docket No. 6] is GRANTED, and Plaintiffs' Complaint is DISMISSED. Their claims based on securitization, assignment to MERs, or "robo-signing," are dismissed with prejudice. Plaintiffs are granted leave file an Amended Complaint by no later than November 8, 2013, but only if they are able to adequately state a claim that is not based on securitization, assignment to MERs, or "robo-signing." In addition, Defendant's Motion to Strike Plaintiffs' Application for

4

Entry of Default and Application for Entry of Default Judgment [Docket No. 5] is GRANTED.

DATED this 16th day of October, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge